IN THE CIRCUIT COURT FOR HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| TOMMY LEE DAVIDSON, Individually and as Trustee of the Tommy L. Davidson Retirement Plan and DAVIDSON HEALTH SERVICES, LLC.,<br><br>    Plaintiff,<br><br>v.<br><br>MARY ANGELA SHUSTER AND AMERICAN NATIONAL INSURANCE COMPANY<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Docket No.: 16C591<br>)<br>)  Division: IV<br>)<br>)<br>)<br>)<br>) |

COPY

FILED IN OFFICE
2019 APR -4 PM 2:07
LARRY L. HENRY, CLERK
BY CS DC

## SUMMONS

TO DEFENDANT: <u>American National Insurance Company c/o Jerry G. Bozeman</u>

WHOSE ADDRESS IS: <u>One Moody Plaza, 1 Moody Ave, Galveston, TX 77550</u>

    You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CIRCUIT COURT CLERK, Hamilton County, Chattanooga, Tennessee. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED this __4__ day of __April__, 20__19__.

                                        LARRY L. HENRY, HAMILTON COUNTY CIRCUIT COURT CLERK

                                        By: _____
                                                    DEPUTY CLERK

| | |
|---|---|
| <u>Buddy B. Presley, Jr.</u>                   <u>013921</u><br>Plaintiff' Attorney                      BPR#<br>or Plaintiff if no attorney (*pro se*)<br><u>Presley Law Firm</u><br>Address<br><u>1384 Gunbarrel Road, Suite B</u><br><u>Chattanooga, TN 37421</u><br><br><u>(423) 826-1800</u>                <u>(423) 826-1837</u><br>Tel. No.                                Fax No. | **NOTICE TO DEFENDANT(S)**<br>Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Circuit Court Clerk. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized |

# SUMMONS RETURN

I received this summons on _____. I certify and return that on _____, I
                                        (Date)                                                                        (Date)

☐ served this summons and a complaint on defendant, _____
                                                                                                (Printed Name of Defendant)

in the following manner:

_____
_____
_____

☐ failed to serve this summons within thirty (30) days after its issuance because:

_____
_____
_____

_____      _____
    Process Server Name (Printed)                      Process Server Signature

_____
              Address
_____
_____

[Form 114, Rev 2002.01.15]

| | |
|---|---|
| TOMMY LEE DAVIDSON, Individually and as Trustee of the Tommy L. Davidson Retirement Plan and DAVIDSON HEALTH SERVICES, LLC., <br><br> Plaintiff, <br><br> v. <br><br> MARY ANGELA SHUSTER AND AMERICAN NATIONAL INSURANCE COMPANY <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Docket No.: 16C591 <br><br> Division: IV |

## SECOND AMENDED COMPLAINT TO INTERPRET FINAL JUDGMENT, FOR DECLARATORY JUDGMENT AND TO RECOVER FUNDS PAID IN ERROR

Tommy Lee Davidson, Individually and as Trustee of the Tommy L. Davidson Retirement Plan, and Davidson Health Services, LLC (collectively referred to hereinafter as "Plaintiffs") hereby amends and restates their cause of action against Mary Angela Shuster ("Ms. Shuster") and American National Insurance Company ("ANICO") as follows:

### THE PARTIES

1. Tommy Lee Davidson ("Mr. Davidson") is a resident of Hamilton County, Tennessee and is the sole trustee of the Tommy L. Davidson Retirement Plan (the "Plan").

2. Davidson Health Services, LLC is a Tennessee limited liability company with its principal office in Hamilton County, Tennessee.

3. Ms. Shuster is a resident of Georgia.

4. American National Insurance Company is national insurance company with headquarters in San Antonio, Texas and offices and agents in Tennessee.

### JURISDICTION

4. This case arises out of the interpretation of an order of the Circuit Court for Hamilton County, Tennessee in which Mr. Davidson and Ms. Shuster participated as litigants.

5.  Mr. Davidson and Ms. Shuster entered into a Marital Dissolution Agreement ("MDA") on January 28, 2015 pursuant to divorce proceeding in which they agreed that jurisdiction over any interpretation of the MDA would be exclusively with a court of competent jurisdiction in Tennessee.

## FACTS OF THE CASE

6.  Mr. Davidson and Ms. Shuster, formerly husband and wife, were divorced by an order and judgment entered in the Circuit Court for Hamilton County, Tennessee, being the case of Mary Angela Shuster v. Tommy Lee Davidson, docket number 11 D 1161, that order was entered on January 29, 2015. Reference is made to the minutes of this Court for a more specific recitation of the matters contained in the record of the case.

7.  One of the items of property that was the subject of the division of assets provided for in the MDA incorporated into the final judgment of divorce and included by reference as if made a part of the order of this court in the divorce case was the accumulated funds in a 412(e) retirement plan (formerly called a 412(i) plan under the Internal Revenue Code) named the Tommy L. Davidson Retirement Plan (hereinafter referred to as the "Plan").

8.  Subsequent to the entry of the final judgment of divorce, a qualified domestic relations order (" QDRO") entered on May 6, 2015, the subject of which QDRO was the division of the accumulated benefits in the Plan of which Mr. Davidson is the sole trustee.

9.  The Plan is a type of defined benefit plan called a 412(e) retirement plan, it is administered by American National Insurance Company ("ANICO"), the Plan is sponsored by Davidson Health Services, LLC, and it is in the form of a trust of which Mr. Davidson is the trustee.

10. The account is held as a single asset in trust and is not administered as separate accounts for each beneficiary.

11. Prior to a distribution pursuant to the QDRO, there were two participants in the Plan, Mr. Davidson and Ms. Shuster.

12. Ms. Shuster's participation in the Plan had terminated on December 31, 2013.

13. As a trustee-directed 412(e) plan, the accounts in the Plan were not segregated per participant; the identification number assigned to the Plan by ANICO is P7364.

14. The monetary contributions to the Plan, made annually by September 15, were held in an annuity contract issued by ANICO bearing number GUF0069 designed to pay a defined benefit to the Plan participants upon the attainment of age 65 years and a minimum of 5 years participation.

15. As a defined benefit plan, the Plan differs from a 40l (k), one of which differences being; the absence of an immediately ascertainable cash value of the participants' plan benefits.

16. Although the amount of the contributions to the Plan can be readily ascertained, the amount of the participant distribution is based upon the Present Value of Accrued Benefits at plan- year end of the year of distribution.

17. Annual statements are sent to each participant that reflect accrued benefits but not a present value of the participant's interest in the Plan.

18. The factors used in the calculation of present value include Normal Retirement Age, mortality and interest rates.

19. Thus, the present value distribution amount is not calculated until there is a "distribution event," and the present value of a participant's account is not typically calculated until such an event.

20. Counsel for Ms. Shuster sent a letter to ANICO advising as to how to interpret the distribution to Ms. Shuster based upon his reading of the QDRO. (See Konvilinka Letter dated June 25, 2015 Attached hereto as Exhibit "A").

21. This Konvalinka Letter was purportedly signed "agreed and accepted" by Phil Lawrence counsel for Mr. Davidson.

22. Mr. Lawrence advised Mr. Konvalinka that he did not authorize or sign the letter.

23. In any event, ANICO was under a contractual obligation pursuant to the Plan Administration to properly account for and distribute the assets of the Plan according to the provisions of the Plan and the QDRO.

24. ANICO accepted an interpretation of the plan according to the Konvalinka Letter and distributed the assets to Ms. Shuster in two part, (1) being a $1,000,000 distribution and (2) a distribution of $81,198.75 as a separate plan benefit based upon life expectancy of Ms. Shuster being designated her own plan benefit since the time of her termination of employment.

25. The QDRO was interpreted by ANICO to require two distributions - the first, a QDRO of $1,000,000 plus interest from January 28, 2015, in the amount of $18,223.27 the date of the execution of the MDA, to the date of distribution and the second, Ms. Shuster's participant termination distribution in the amount of $81,198.75.

26. The distribution to Ms. Shuster in this case included her participant termination distribution balance as of September 15, 2015 in the amount of $81,198.75 in addition to an amount of $1,000,000 plus interest on that amount of $18,223.27 under the QDRO, a total distribution to her in the amount of $1,099,422.02.

27. Ms. Shuster elected a direct rollover of her Plan distributions to her IRA at UBS Financial Services, Inc.

28. The MDA in this case provided that Ms. Shuster was to receive from "Tommy's American National Ins. Company 412i # GUF00699" the value of "$1,000,000 as of the date of 1/28/15 plus or minus any interest or losses until the date of distribution to be divided pursuant to a QDRO ." (See, Exhibit "B" - Wife's Assets and Liabilities, p. 12 of the Marital Dissolution Agreement executed on January 28, 2015).

29. The MDA further provided that Mr. Davidson was to receive from the same asset described in the immediately preceding paragraph "The remaining balance after Wife receives her share as defined in Exhibit B." (See, <u>Exhibit "C"</u> - Husband's Assets and Liabilities, p. 15 of the Marital Dissolution Agreement executed on January 28, 2015).

30. A QDRO entered in this case on May 6, 2015 that was submitted to ANICO provided in part as follows:

> Mary Angela Shuster is entitled to receive a benefit which is equal to One Million Dollars ($1,000,000.00) as of January 28, 2015 plus or minus any interest or losses until the date of distribution to Mary Angela Shuster, which shall satisfy <u>any benefit she was entitled to as a participant</u>. (Emphasis added).

31. Statements received by Mr. Davidson of the status of the Plan that reflected that a distribution had been made to Ms. Shuster in the amount of $1,018,223.27 consisting of the principal distribution of $1,000,000 plus the gains on her share of the Plan from and after January 28, 2015 and in the amount of $81,198.75 consisting of her participant balance.

32. The clear language of the QDRO and the MDA make plain the interpretation that the $1,000,000 payment to Ms. Shuster satisfies her claim to any share of the Plan, and Ms. Shuster has been unjustly enriched by accepting and by retaining the additional funds representing her participant distribution.

33. On January 12, 2016, Mr. Davidson's attorney wrote a letter to Ms. Shuster's attorney to see if an agreement could be reached, a copy of which letter is appended to the original complaint and is incorporated herein by reference, but no offer to reach an agreement on the issue has been made by Ms. Shuster.

## COUNT I AS TO ALL DEFENDANTS
## DECLARATORY JUDGMENT

The allegations of Paragraphs 1 through 33 are adopted and incorporated by reference:

34. Davidson request the Court construe the provisions of the MDA and the QDRO to provide that Shuster was entitled to a TOTAL of $1,000,000 from the Plan plus or minus interest during the period after the Order and before the distribution.

35. Davidson further requests the Court to find an declare this action as a Motion under Rule 60.02 as valid and justiciable to settle matters between the party defendants.

## COUNT II AS TO ANICO
## BREACH OF CONTRACT

The allegations of Paragraphs 1 through 33 are adopted and incorporated by reference:

36. Davidson request the Court to find that ANICO breached its contractual provisions

as the under the Plan and annuity contracts to lawfully pay over such benefits as are due such beneficiaries pursuant to such Plan provisions including provisions concerning payments pursuant to such QDROs.

## COUNT III AS TO SHUSTER
## ALTER OR AMEND JUDGMENT PURSUANT TO T.R.C.P. 60.02

The allegations of Paragraphs 1 through 33 are adopted and incorporated by reference:

37. Davidson request the Court to find that its action to interpret and enforce the provisions of the Plan and QDRO are lawfully enforced pursuant to Davidson's filing of this matter on May 6, 2016 within a year of the QDRO dated May 6, 2015 and such should be construed and treated as a Motion to ALTER or AMEND JUDGMENT pursuant to T.R.C.P. 60.02.

WHEREFORE, Plaintiffs demand judgment that:

a. The Court declare the rights and obligations of the parties to this case pursuant to Tenn. Code Ann. § 29-14-102 et seq.;

b. Mr. Davidson, individually or as trustee of the Plan, have and recover of Ms. Shuster the payments erroneously received by her and wrongfully retained by her as a distribution from the Plan;

c. Mr. Davidson, in his capacity as trustee of the Plan recover from ANICO such amounts as wrongfully distributed to Ms. Shuster

d. In the alternative, the Court enter a qualified domestic relations order transferring from Ms. Shuster's account the sums wrongfully transferred to her account plus the gains on the funds wrongfully transferred from the date of the transfer; and

e. The Court determine that Plaintiffs' filing is property filed and treated as a Motion to T.R.C.P. 60.02.

f. Plaintiffs have such other and further relief to which they may be entitled and that the justice and equity of this case may require.

PRESLEY LAW FIRM

_____
Buddy B. Presley, Jr. BPR#13921
Terrance Jones BPR# 034823
1384 Gunbarrel Road, Suite B
Chattanooga, TN 3742
(423) 826-1800 – phone
(423) 826-1837 – facsimile
bpresley@presleylawfirm.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing pleading has been served upon adversary counsel listed via email and by deposit in the U.S. Mail with sufficient postage thereon to ensure prompt delivery and via email to John Konvalinka <jkonvalinka@gkhpc.com>.

John P. Konvalinka, Esq.
Attorney for Defendant Mary A. Shuster
Ninth Floor, Republic Building
633 Chestnut Street
Chattanooga, TN 37450

Respectfully submitted:
PRESLEY LAW FIRM

By:_____
Buddy B. Presley, Jr., BPR#13921
Terrance Jones BPR# 034823
1384 Gunbarrel Road, Suite B
Chattanooga, TN 3742
(423) 826-1800 – phone
(423) 826-1837 – facsimile
bpresley@presleylawfirm.com
Attorney for Plaintiffs



# LAW OFFICES
# GKH
## GRANT KONVALINKA & HARRISON, P.C.

Ninth Floor, Republic Centre  
633 Chestnut Street  
Chattanooga, Tennessee 37450-0900

Telephone 423/756-8400  
Facsimile 423/756-6518  
www.gkhpc.com

June 25, 2015

Chelli Borger  
Senior Plan Administrator  
American National Insurance Company  
Pension Administration  
P.O. Box 10707  
Springfield, MO 65805-0707

Re: Mary Angela Shuster  
     P7384 Tommy L. Davidson Retirement Plan

Dear Ms. Borger:

In response to your inquiry concerning the interpretation of sub paragraph 5(d) of the Qualified Domestics Relations Order, a copy of which is enclosed, the intent of the order is to designate Mary Angela Shuster as the alternate payee a benefit which is equal to $1,000,000.00 as of January 28, 2015. On or after January 28, 2015 Ms. Shuster is to receive that benefit of $1,000,000.00 together with any increase or decrease from January 28, 2015 until the date of distribution of her designated benefit of $1,000,000.00. Proceeds are to be distributed to Ms. Shuster as soon as processed by the plan administrator.

Sincerely,

John P. Konvalinka  
Attorney for Mary Angela Shuster

The undersigned Philip C. Lawrence hereby joins in as the attorney for Tommy L. Davidson and concurs in these statements made by the attorney for Mary Angela Shuster as to the intent of the order.

Phillip C. Lawrence

p:\folders i-z\s803\002\borger ltr 2015-06-25.docx

RECEIVED  
JUL 0 6 2015



## EXHIBIT B – WIFE'S ASSETS AND LIABILITIES

| Asset and/or Liability | Approximate Value and/or Percentage Allocated to Wife |
|---|---|
| 1414 Meadowlark Lane Chattanooga, TN 37421 Titled to Mary Angela Shuster only | 82,500 |
| 200 Manufacturers Road #437 Chattanooga, TN 37401 | 225,000 |
| 1418 Meadowlark Lane Chattanooga, TN 37421 Titled to Mary Angela Shuster only | 80,000 |
| 320 Osborne Drive Chattanooga, TN 37411 Titled to Mary Angela Shuster only | 105,000 |
| Amerimark Annuity RAR0006103 | 100% |
| Angie's Regions Checking #1292 | 100% |
| Volvo C70 (titled to Angie) | 100% |
| Mazda CX7 (titled to Angie) | 100% |
| John Deere Gator | 100% |
| Belk card #5671 | 100% |
| Catoosa County TRS #599710 | 100% |
| Angie's UBS #CC0882302 (investment) | 100% |
| Angie's UBS #CC2613502 (SEP) | 100% |
| Angie's UBS #CC2138502 (Roth IRA) | 100% |
| Tommy's American National Ins. Company 412i #GUF00699 | 1,000,000 as of the date of 1/28/15 plus or minus any interest or losses until the date of distribution to be divided pursuant to a QDRO |
| Angie's Attorney's Fees and Expert Fees | 100% |
| Angie's JC Bradford Account at time of Marriage (later became UBS account) | 100% |

| | |
|---|---|
| Hilton Head Timeshare | 100% |
| SSB&T IRA | 100% |



## EXHIBIT C – Husband's Assets and Liabilities

| Assets and Liabilities | Equity |
|---|---|
| 7429 Royal Harbour Circle<br>Ooltewah, TN 37363<br>*Husband shall refinance the HELOC associated with the residence out of Wife's name and shall be responsible for said liability | 534,373 |
| Vacant Lot<br>3665 London Road<br>Eau Claire, Wisconsin | 61,000 |
| Tommy's UBS #CC1100102 (SEP) | 100% |
| Covenant Healthcare, LLC and<br>Covenant Healthcare of Eau Claire, LP together d/b/a Dove Healthcare West<br>(less $200,000 for separate property interest) (Ex. 3A, Tab A) | 100% ownership of entity and any/and all liabilities associated with said entity as of 1/1/15 |
| Transitions at Oakwood, LLC d/b/a<br>Dove Healthcare South (Ex. 3A, Tab B) | 100% ownership of entity and any/and all liabilities associated with said entity as of 1/1/15 |
| Snowhill Healthcare, LLC and Snowhill Development, LLC together d/b/a Wissota Health and Regional Vent Center (Ex. 3A, Tab C) | 100% ownership of entity and any/and all liabilities associated with said entity as of 1/1/15 |
| Meadowlark Health Services, LLC and Pine View Healthcare, LLC together d/b/a Orchard Hills Assisted Living Facility (Ex. 3B, Tab D) | 100% ownership of entity and any/and all liabilities associated with said entity as of 1/1/15 |
| Wolftever Healthcare, LLC and Wolftever Holdings, LLC together d/b/a Rutledge Home Assisted Living (Ex. 3B, Tab E) | 100% ownership of entity and any/and all liabilities associated with said entity as of 1/1/15 |

| | |
|---|---|
| Transitions Rehabilitation Services (Net Book Value at May 31, 2014) | 100% ownership of entity and any/and all liabilities associated with said entity as of 1/1/15 |
| Dove South Note Payable to Owner | 100% |
| Davidson Health Services, LLC<br>Tommy is Managing Member | 100% ownership of entity and any/and all liabilities associated with said entity as of 1/1/15 |
| Davidson Health Services, LLC Note Receivable from 2012 | 100% |
| Lakeview Healthcare<br>Received from Davidson Health Services, LLC per 2012 Tax Return (distribution) (Ex. 102 I.D.) | 100% |
| Lakeview Healthcare<br>Received from Davidson Health Services, LLC per 2013 Tax Return (distribution) Schedule K-1 for Lakeview | 100% |
| Angie's Share of Distributions for 2011, 2012, and 2013 from Davidson Health Services (never received by her) (Exs. 64 and 102 I.D. and 2013 Tax Returns)) | 100% |
| Pineview Terrace, LLC<br>Angie has 99% ownership:<br>8716 Ooltewah-Georgetown Rd | 100% ownership of entity and any/and all liabilities associated with said entity as of 1/1/15 |
| Note Receivable to Tommy from Wissota | 100% |
| Notes Repaid to Tommy Davidson since Trial | 100% |
| FSG Checking #5995 | 100% |
| Joint FSG MM #2494 | 100% |
| FSG Golden Checking #8012 | 100% |
| FSG Insurance Trust #2573 | 100% |
| SunTrust Checking #4354 (rental acct) | 100% |
| Athens Federal MM #7979 | 100% |
| RCU Savings #8400 | 100% |
| RCU Free Checking #4105 | 100% |
| Pineview Terrace FSG #1658 | 100% |

| | |
|---|---:|
| Tommy's UBS #CC0235602 (RMA) | 100% |
| Tommy's Allianz Annuity #70532850 Cash value | 100% |
| Tommy's John Hancock Annuity #0940 | 100% |
| Tommy's Washington National Insurance Company Retirement Acct 2221 | 100% |
| Tommy's American National Ins. Company 412i #GUF00699 | The remaining balance after Wife receives her share as defined in Exhibit B |
| 2012 and 2013 Retirement Plan Contributions (shown on Davidson Health 2012 and 2013 Returns, but unknown as to the Account deposited) | 100% |
| Tommy's Auto-Owners Insurance Annuity #4020 | 100% |
| Tommy's OM Financial Life Insurance Company Annuity #6111 | 100% |
| Honda Civic (titled to Tommy) | 100% |
| John Deere Tractor | 100% |
| SeaDoo | 100% |
| VSTROM (motorcycle in Tommy's name) | 100% |
| BMW Motorcycle (purchased after Angie filed for divorce by Tommy) | 100% |
| Coin Collection (30 silver dollars) | 100% |
| Tommy's Home/Office/Cabin Contents | 100% |
| Tommy's Yamaha Motorcycle (purchased during pendency of divorce) | 100% |
| HSA SunTrust #3771 | 100% |
| SunTrust MM #4282 | 100% |
| SunTrust MM#4955 | 100% |
| Regions Lakeview Healthcare Investment Trust #3654 | 100% |

p:\folders i-z\s803\002\marital dissolution agreement.docx

RECEIVED

APR 1 7 2019

INTERNAL AUDIT
SERVICES

